UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LENS.COM, INC., a Nevada corporation, ) <br> ) <br>               Plaintiff, ) <br>   vs. ) <br> ) <br> 1-800 CONTACTS, INC., a Delaware ) <br> corporation, ) <br> ) <br>               Defendants. ) <br> ) | Case No.: 2:11-cv-00918-GMN-RJJ <br><br> **ORDER** |

Pending before the Court is the Motion for District Judge to Reconsider (ECF No. 43) filed by Plaintiff Lens.com, Inc. ("Plaintiff"). Defendant 1-800 Contacts, Inc. ("Defendant") filed a Response. (ECF No. 45.)

**I.   BACKGROUND**

This case arose from a complaint that the Plaintiff filed in this Court on June 6, 2011. (*See* Compl., ECF No. 1.)  In that complaint, Plaintiff alleged eight causes of action: (1) Horizontal Restraint of Trade under 15 U.S.C. § 1; (2) Monopoly Maintenance under 15 U.S.C. § 2; (3) Attempted Monopoly under 15 U.S.C. § 2; (4) Nevada Unfair Trade Practices Act; (5) Declaratory Relief pursuant to 28 U.S.C. § 2201; (6) Unfair Competition; (7) Abuse of Process; and (8) Prima Facie Tort. (Compl. ¶¶ 174-228.)

On August 23, 2011, Defendant filed a motion to dismiss (ECF No. 17) and a motion to transfer venue to the United States District Court for the District of Utah (ECF No. 18). Because the instant lawsuit related to ongoing litigation between these two parties in the District of Utah, on March 31, 2012, the Court granted Defendant's motion to transfer venue with a written order to follow. (ECF No. 40.)  In that order, the Court also denied Defendant's

motion to dismiss as moot. (*Id.*)  Thereafter, on April 4, 2012, the Court issued its written order granting the motion to transfer venue and denying the motion to dismiss as moot. (ECF No. 42.)  On April 10, 2011, Plaintiff filed this motion requesting that the Court reconsider its order transferring venue to the District of Utah. (ECF No. 43.)  The following day, On April 11, 2012, the transferred case was docketed in the District of Utah. (ECF No. 44.)

## II.   JURISDICTION

When a case is transferred under 28 U.S.C. § 1404(a), the docketing of that transferred case in the transferee district court terminates the jurisdiction of the transferor court. *See Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987) (adopting "the docketing date as the time of effective transfer").  The instant motion was filed on April 10, 2012.  The case was not docketed in the United States District Court for the District of Utah until April 11, 2012.  Because Plaintiff filed its motion prior to the docketing date, this Court retains jurisdiction to rule on the motion.  Nevertheless, for the reasons stated below, the Court denies Plaintiff's Motion to Reconsider.

## III.   LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## IV.   ANALYSIS

The Court has reviewed the prior ruling and the argument presented by Plaintiff in its motion and has not found any reason to overturn this Court's previous Order.  In Plaintiff's motion, Plaintiff has failed to present the Court with any newly discovered evidence.  Likewise,

Plaintiff has failed to indicate that there has been an intervening change in the controlling law. Rather, Plaintiff argues that the Court committed clear error and that the initial decision to transfer venue to the District of Utah was manifestly unjust. However, the Court finds neither clear error nor manifest injustice in the reasoning of the Court's order transferring venue. Accordingly, Plaintiff's Motion to Reconsider is DENIED.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 43) is **DENIED**.

**DATED** this 16th day of November, 2012.

_____
Gloria M. Navarro
United States District Judge